UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GARRETT VIRGIN, on behalf of himself
and others similarly situated,

Plaintiff,

-vs-                                                    Case No.  5:13-cv-359-Oc-10PRL

ESCALANTE-BLACK DIAMOND GOLF
CLUB, LLC, a Florida Limited Liability
Company,

Defendant.
_____/

## ORDER DENYING SUMMARY JUDGMENT

Plaintiff Garrett Virgin claims that his employer, Defendant Escalante-Black Diamond Golf Club ("Escalante"), violated the minimum wage and overtime compensation provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Article X, Section 24, of the Florida Constitution by failing to pay him the required minimum wage and overtime wage for all hours worked (Doc. 10).[1] Escalante has moved for summary judgment, asserting that at all times the Plaintiff was compensated at well above the minimum wage and overtime wage rates required by state and federal law.

_____

[1] Although the Plaintiff styled his Amended Complaint as a collective action, and makes numerous class allegations, he has not moved for class certification, and has not filed any notices of consent to join suit.  Therefore, the Court will proceed with this case as a single-plaintiff action.

Upon due consideration, and for the reasons discussed below, the Court concludes that material facts remain in dispute such that Escalante's motion for summary judgment shall be denied.

## Factual Background

Black Diamond Golf Club is a private golf and country club and restaurant located in Lecanto, Florida, that is open only to members and their guests.  In March 2011, Escalante purchased Black Diamond Golf Club from its previous owners, and has been the owner and operator ever since.  As a condition of membership in the golf and country club, each member is charged a mandatory, nondiscretionary monthly membership fee of $32 per month, regardless of whether, or how often, they use the club's facilities.  While not entirely clear, it appears that members were also charged an 18% service charge which was applied to actual food and drink bills.  The Plaintiff argues that the service charge was discretionary, and that he personally witnessed several members complain about the service charge and have it removed.

The Plaintiff has worked as a server in the Black Diamond Golf Club's restaurant since 2009 and remains employed there to date.  Escalante contends that at all times the Plaintiff was paid a minimum wage of $12.50 per hour for all hours worked. However, Escalante's payroll records show that the Plaintiff's base hourly wage was $4.65 from March 2011 through December 22, 2012, when it was increased to $4.77.[2]

---

[2]The Plaintiff also asserts that he was paid an hourly wage of $4.65 plus tips in 2011 and (continued...)

(Doc. 17, Ex. D).  The payroll records further show that for each pay period, the Plaintiff received "charged tips," and that overtime was calculated at 1.5 times the base hourly wage.[3]  Id.  In 2011, the minimum wage in Florida was $7.31 per hour, and in 2012 it was $7.67 per hour.  The federal minimum wage was $7.25 per hour in both 2011 and 2012.

Escalante claims that it paid the Plaintiff an additional $7.85 per hour for every hour worked in each pay period, and that the additional wages came from the monthly membership fees.  While not entirely clear, it appears that Escalante is arguing that the "charged tips" listed on the Plaintiff's payroll stubs were actually his share of the monthly membership fees.  Any additional tips that members gave to the Plaintiff or other employees were the sole property of the employee to whom they were given.  Escalante contends that it did not retain any portion of any tips, and did not require, condone, or permit employees to participate in any tip sharing or tip pooling arrangements.  Escalante further contends that it never attempted to claim any tip credits to relieve its minimum wage obligations because the Plaintiff was always paid at least $12.50 per hour.  The Plaintiff, however, claims that he was told by his floor

---

[2](...continued)
2012.

[3]It appears that in November 2012, Escalante changed its payroll records to set forth separate categories for "charged tips" and "service charge earnings" as well as the base hourly wage and overtime wage.  Doc. 17, Ex. B, p. 8.

manager that any additional tips from members were to be split amongst the staff working that day.

According to Escalante, at times it received a surplus of membership fees, and would temporarily increase its employees hourly wages.  This would result in employees, including the Plaintiff, receiving a short-time increase to $13.00 or $14.00 per hour.  When such surpluses existed, they would be applied across the board to all staff.

With respect to overtime compensation, Escalante claims that it paid the Plaintiff at time-and-a-half for all hours worked in excess of 40 in any given work week.  This typically equated to an hourly overtime wage of $18.75 ($12.50 x 1.5).  If the Plaintiff worked overtime hours during the time period when he had a temporary wage increase, the overtime hourly wage would increase proportionately, up to $21.00 per hour ($14.00 x 1.5).  The overtime wages were also paid from monthly membership fees.

## Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying this standard, the Court must examine the materials on file and the record evidence "in the light most favorable to the nonmoving party."  Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).  When faced with a "properly supported motion

for summary judgment [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

At the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986). Some degree of factual dispute is expected, but to successfully counter a motion for summary judgment the factual dispute must "affect the outcome of the suit" and must be "such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248, 106 S. Ct. at 2510.

## Discussion

The FLSA and Florida law require that an employer pay all of its employees a specified minimum wage, and 1.5 times that minimum wage for all hours worked in excess of 40 in any work week. See 29 U.S.C. §§ 206(a), 207(a). Employees who work in service industries such as restaurants, and who receive more than $30 per month in tips are considered "tipped employees." 29 U.S.C. § 203(t). The FLSA permits employers to claim a "tip credit" towards its minimum wage obligation for tipped

employees equal to the difference between the required cash wage and the federal minimum wage.  See 29 U.S.C. § 203(m); Rubio v. Fuji Sushi & Teppani, Inc., No. 6:11-cv-1753-Orl-37TBS, 2013 WL 230216 (M.D. Fla. Jan. 22, 2013).  See also 29 C.F.R. § 531.50 (listing the required cash wage at $2.13).  The tipped employee must retain all tips.

The FLSA also permits a tip pooling or sharing arrangement, however participants in such an arrangement are limited to employees who customarily and regularly receive tips, such as waiters, waitresses, bellhops, counter personnel, bussers, and bartenders.  29 U.S.C. § 203(m).  A valid tip pool may not include employees who do not customarily and regularly receive tips. Id. Overtime wages are calculated on the full minimum wage, not the lower direct or cash wage payment. However, compulsory, non-discretionary service charges are not considered tips, but are rather part of an employer's gross receipts which can be used to satisfy minimum wage and overtime wage requirements.  See Mascembeni v. Quayside Place Partners, LLP, 2010 WL 2351467 at * 2 (S.D. Fla. June 11, 2010); United States Department of Labor, Wage and Hour Division, Fact Sheet # 15: Tipped Employees Under the Fair Labor Standards Act.

Escalante claims that it is entitled to summary judgment because the undisputed facts show that at all times the Plaintiff was paid far in excess of the federal and state minimum wage, and that the Plaintiff was always paid 1.5 times his actual rate of pay for any hours worked in excess of 40 in any given work week.  Escalante further claims

that it paid a large portion of the Plaintiff's wages out of the non-discretionary membership fees, which Escalante contends are service charges that do not constitute tips under the FLSA.  And to the extent the Plaintiff did receive any additional tips, Escalante claims it never required the Plaintiff or any other employee to pool their tips.  Therefore, Escalante argues that the tip credit provisions of § 203(m) of the FLSA do not apply – Escalante directly paid its employees more than the required minimum and overtime wages and has not violated any wage laws.

The only evidence Escalante has submitted to support its motion is the Affidavit of Margaret Gleason, the Property Accountant for Escalante (Doc. 13-1).  Escalante has not submitted any of the Plaintiff's payroll records, or any other documentation establishing its purported method of paying its employees.

In contrast, the Plaintiff has submitted his own affidavit, along with copies of his payroll records, which suggest that the Plaintiff was paid an hourly wage of $4.65, which was below the state and federal minimum wage in 2011 and 2012.  The payroll records also suggest that the monthly membership charges and/or service charges that Escalante relies upon for its position that it did not violate the FLSA or Florida law were really discretionary customer tips which Escalante used to supplement the Plaintiff's compensation.  See 29 C.F.R. § 531.52.  Plaintiff also avers that he was occasionally required to pool his tips in order to cover the wages of various staff, which could be a violation of the tip credit provisions of the FLSA.  See 29 U.S.C. § 203(m).  See Rubio, 2013 WL 230216 at * 2 ("Where an employer takes the tip credit in connection with a

tip pooling arrangement, the application of the credit will only be valid so long as the pool includes only those employees who customarily and regularly receive tips . . . . The requirements of the tip credit are strictly construed even if . . . [the plaintiffs] actually earned more than the minimum wage for every shift they worked . . . .") (quoting Garcia v. La Revise Assocs., LLC, No. 08-cv-9356, 2011 WL 135009, at * 5-6 (S.D.N.Y. Jan 13, 2011)).

The Court is therefore faced with facts that are in direct conflict with each other. On the one hand, Escalante has proffered an affidavit from an employee who avers that at all times the Plaintiff was paid in excess of the minimum wage, always received appropriate overtime compensation, and that employees were never required to pool or share tips.  On the other hand, the Plaintiff has proffered his own affidavit and documentary evidence suggesting that Escalante did use the tip credit method for paying its employees, and that employees were required to share their tips with various employees, which may include those who did not customarily and regularly receive tips.[4]

Thus, in its present posture, Escalante's motion for summary judgment centers on a she said-he said dispute.  In order to grant summary judgment, the Court would have to ignore the Plaintiff's affidavit, as well as his payroll records, and instead find the affidavit of Ms. Gleason to be more credible.  Such credibility determinations are not

---

[4]For example, managers and kitchen staff do not regularly and customarily receive tips. See Rubio, 2013 WL 230216 at * 3.

within the Court's purview, but are left to the ultimate trier of fact – the jury – to resolve. See <u>Jones v. UPS Ground Freight</u>, 683 F.3d 1283, 1292 (11th Cir. 2012) ("[The court] may not weigh conflicting evidence or make credibility determinations of [its] own.  If the record presents disputed issues of fact, the court may not decide them; rather, [the court] must deny the motion and proceed to trial.") (quoting <u>FindWhat Investor Grp. v. FindWhat.com</u>, 658 F.3d 1282, 1307 (11th Cir. 2011)).   The Court therefore finds that material issues of fact remain in dispute such that summary judgment is not warranted.

### **Conclusion**

Accordingly, upon due consideration, Defendant Escalante-Black Diamond Golf Club, LLC's Motion for Summary Judgment (Doc. 13) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 4th day of August, 2014.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
                     Maurya McSheehy